O'MELVENY & MYERS LLP
Peter Friedman (Pro Hac Pending)
Diana Perez
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Suzzanne Uhland (Pro Hac Pending)
Jennifer Taylor (Pro Hac Pending)
Two Embarcadero Center
28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

*Counsel for the Petitioners*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| **SUNTECH POWER HOLDINGS CO., LTD. (IN PROVISIONAL LIQUIDATION),** | **Case No. 14-_____** |
| **Debtor in a Foreign Proceeding.**[1] | Hearing Date: April 1, 2014, 10:00 a.m. |

## VERIFIED PETITION OF FOREIGN REPRESENTATIVES
## DAVID WALKER AND IAN STOKOE IN SUPPORT OF CHAPTER 15 PETITION OF
## SUNTECH POWER HOLDINGS CO., LTD. (IN PROVISIONAL LIQUIDATION)
## FOR RECOGNITION OF FOREIGN MAIN PROCEEDING
## PURSUANT TO SECTION 1517 OF THE BANKRUPTCY CODE

---

[1] The last four digits of the registration number for Suntech Power Holdings Co., Ltd. (in provisional liquidation) are 3146. The mailing address of registered office is Level 5 Strathvale House, 90 North Church Street, PO Box 258, George Town, Grand Cayman, KY1-1104, Cayman Islands.

David Walker and Ian Stokoe (the "**Petitioners**" or "**JPLs**"), in their joint capacities as foreign representatives of the provisional liquidation proceeding of Suntech Power Holdings Co., Ltd. (in provisional liquidation) ("**Suntech**")[2] pending before the Grand Court of the Cayman Islands (the "**Cayman Court**"; the proceeding before the Cayman Court is referred to as the "**Cayman Proceeding**"), respectfully petition this Court for entry of an order pursuant to section 1517 of title 11 of the United States Code (the "**Bankruptcy Code**"), recognizing the Cayman Proceeding as a foreign main proceeding and granting additional relief pursuant to section 1521(a) of the Bankruptcy Code.  If the Court concludes that the Cayman Proceeding is not eligible for recognition as a foreign main proceeding, the Petitioners seek relief under section 1521 of the Bankruptcy Code.

## PRELIMINARY STATEMENT

1.      The Petitioners have commenced this case pursuant to sections 1504, 1509, and 1517 of the Bankruptcy Code, seeking recognition of a foreign insolvency proceeding that is currently pending before the Cayman Court, and seeking relief as of right under section 1520 and further relief available under section 1521.  On November 5, 2013, a creditor of Suntech filed a petition in the Cayman Court to wind up Suntech and concurrently requested the appointment of joint provisional liquidators pursuant to section 104(3) of the Companies Law of Cayman Islands (2013 Revision).  Suntech did not object to the petition.  The Petitioners were appointed the joint provisional liquidators of Suntech pursuant to an order of the Cayman Court entered on November 7, 2013.

2.      As demonstrated in this Verified Petition, the Exhibits hereto, the accompanying declarations of the Petitioners and Colin Douglas McKie, and the *Memorandum of Law in Support of Chapter 15 Petition of Suntech Power Holdings Co., Ltd. (In Provisional Liquidation)*

---

[2] For the avoidance of doubt, Suntech, as used in this Verified Petition refers only to Suntech Power Holdings Co., Ltd. (in provisional liquidation), and not to any of its subsidiaries or any consolidated entity.

2

*for Recognition of Foreign Main Proceeding*,[3] the Petitioners are individual persons who are the duly authorized foreign representatives of Suntech and are accordingly entitled to directly petition this Court for recognition of the Cayman Proceeding under section 1509 of the Bankruptcy Code. The Cayman Proceeding is a foreign proceeding under section 101(23) of the Bankruptcy Code. Further, the Cayman Proceeding is a foreign main proceeding under section 1502(4) because the Cayman Proceeding is pending in the Cayman Islands, where Suntech is registered and has its center of main interests. *See* 11 U.S.C. § 1516(c) and 1517(b)(1).

3. Because (i) recognition of the Cayman Proceeding would not be contrary to public policy under section 1506 of the Bankruptcy Code, (ii) the Cayman Proceeding is a foreign main proceeding under section 1502(4), and (iii) the Petitioners are foreign representatives who are persons, and the Petitioners have complied with all requirements of section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Petitioners are entitled to seek entry of an order, substantially in the form of the proposed order annexed hereto as <u>Exhibit E</u>, recognizing the Cayman Proceeding as a foreign main proceeding under section 1517(b)(1) of the Bankruptcy Code.

4. The following documents are annexed hereto in support of this Verified Petition:

    a. Pursuant to section 1515(b) of the Bankruptcy Code, a certified copy of the order of the Cayman Court commencing the Cayman Proceeding and appointing the joint provisional liquidators, which authorizes the Petitioners to seek recognition of the Cayman Proceeding by this Court, is attached hereto as <u>Exhibit A</u>.

    b. Pursuant to section 1515(c) of the Bankruptcy Code, a statement certifying that no other foreign proceedings with respect to Suntech are known to the JPLs is attached hereto as <u>Exhibit B</u>.

    c. Pursuant to Bankruptcy Rule 1007(a)(4), a list of administrators, parties and entities is attached hereto as <u>Exhibit C</u>.

---

[3] Capitalized terms used but not defined herein have the meanings given to them in the accompanying *Memorandum of Law in Support of Chapter 15 Petition of Suntech Power Holdings Co., Ltd. (In Provisional Liquidation) for Recognition of Foreign Main Proceeding*.

OMM_US:72138080

    d. Pursuant to Bankruptcy Rules 1007(a)(4) and 7007.1, a corporate ownership statement is attached hereto as <u>Exhibit D</u>.

    e. A proposed form of Order Recognizing Foreign Main Proceedings and Granting Related Relief is attached hereto as <u>Exhibit E</u>.

5.     Each of the documents set forth above, together with the declarations of the Petitioners and Colin Douglas McKie, is incorporated by reference as if fully set forth herein.

## I. <u>BACKGROUND FACTS</u>

6.     Suntech was organized in the Cayman Islands on August 8, 2005 as an exempted company limited by shares for the purpose of operating as a holding company. Its registered office is located at Level 5 Strathvale House, 90 North Church Street, George Town, Grand Cayman KY1-1104, Cayman Islands.

7.     Suntech is a holding company that is the ultimate parent of an international group of companies (the "**Suntech Group**"). The Suntech Group's organizational structure is depicted in an attachment to the declaration of the Petitioners as <u>Exhibit C</u>.

8.     Historically, the operating subsidiaries of Suntech in the Suntech Group developed, manufactured, and marketed photovoltaic ("**PV**") modules and cells and provided PV system integration services to customers around the world. The Suntech Group sold its solar products for residential, commercial, industrial, and utility applications through distributors and system integrators, as well as to end-users throughout North America, Europe, Asia, and the Middle East. The Suntech Group has delivered more than 25 million PV panels to over 1,000 customers in more than 80 countries.

9.     Directly and indirectly, Suntech owns a worldwide network of companies, including Suntech Power International, Ltd., the group's European sales arm operating from Switzerland ("**SPI**"), Global Solar Fund, SCA, SICAR, an investment fund created to invest in private companies that own or develop projects in the solar energy sector in Italy ("**GSF**"), and its direct subsidiaries, Power Solar System Co., Ltd. ("**PSS**") and Suntech Power (Hong Kong) Co., Ltd. ("**SPHK**"), both British Virgin Islands registered companies.

4

10.     Suntech financed the operations of the Suntech Group, in part, through proceeds from the listing of Suntech's American Depositary Shares on the New York Stock Exchange in public offerings completed in December 2005 and May 2009.  In addition, Suntech funded the operations of the Suntech Group through borrowings, including the issuance on March 17, 2008, of $575 million of 3.00% convertible senior notes due 2013 to qualified institutional buyers pursuant to Rule 144A promulgated under the Securities Act of 1933 (the "**Notes**").  The outstanding principal balance of the Notes is approximately $541 million.  The Notes are senior unsecured obligations.  The Notes matured on March 15, 2013, and Suntech defaulted on the repayment of the Notes at maturity.

11.     Several minority holders of the Notes commenced litigation against Suntech in respect of the Notes in June 2013.  On September 19, 2013, the U.S. District Court in the Southern District of New York issued judgments in favor of noteholders Trondheim Capital Partners, L.P., Michael Meixler and Marcus and Jessica Dugaw in connection with defaulted Notes held by them in the aggregate principal amount of less than $0.6 million (the "**Noteholder Litigation**").  Suntech appealed the judgments.

12.     Upon obtaining judgments in the Noteholder litigation, the judgment creditors in the Noteholder Litigation (or their assignees) together with a fourth entity (collectively, the "**Petitioning Creditors**"), collectively representing approximately 0.3% of the outstanding principal balance of the Notes, commenced an involuntary proceeding against Suntech under chapter 7 of the Bankruptcy Code on October 14, 2013 in the Southern District of New York (the "**Chapter 7 Case**").

13.     On November 5, 2013, a creditor of Suntech filed a petition in the Cayman Court to wind up Suntech, and Suntech concurrently requested the appointment of the JPLs pursuant to section 104(3) of the Companies Law of Cayman Islands (2013 Revision).  The Petitioners were appointed the joint provisional liquidators of Suntech pursuant to an order of the Cayman Court

5

entered on November 7, 2013 (the "**Appointment Order**").[4]

14.    Pursuant to the Appointment Order, the JPLs have been authorized to "develop and propose any compromise or arrangement with the Company's creditors or any class thereof, including a compromise or arrangement by way of a scheme of arrangement pursuant to [Cayman Islands law]."  In furtherance of that directive, the Cayman Court expressly vested the JPLs with a set of extremely broad operational and governance powers, including the authority to, among other things, monitor and oversee the day-to-day management of Suntech.  In addition, paragraph 3 of the Appointment Order expressly provides that the "JPLs are authorised as representatives of the Company if so advised to seek relief under Chapter 15 of Title 11 of the United States Bankruptcy Code, and to take such steps arising in connection therewith that the JPLs may consider to be appropriate."

15.    In exercising their authority, the Petitioners have concluded that Chapter 15 recognition is necessary for the successful restructuring of Suntech.  The Petitioners seek recognition of the Cayman Proceeding in aid of their efforts to reorganize Suntech and manage, recover and administer its assets in accordance with Cayman Islands law.  Chapter 15 recognition will allow the JPLs to protect Suntech's assets from piecemeal attack by individual creditors in pending U.S. litigation, thereby ensuring their equitable distribution through the Cayman Proceeding under Cayman Islands law.  It will also facilitate an orderly restructuring of Suntech under the control of the JPLs in order to maximize the value available for Suntech's creditors in contrast to a liquidation.  Absent recognition, the JPLs' ability to administer Suntech's assets pursuant to an orderly arrangement may be materially compromised.  Among other things, a denial of recognition may permit parties to disrupt Suntech's reorganization including through continued pursuit of the Chapter 7 Case, which may be continued in the absence of the recognition order.  Such a result would substantially interfere with the JPLs' ability to pursue a reorganization and maximize value available for Suntech's creditors since the

---

[4] A certified copy of the Appointment Order of the Cayman Court is attached hereto as <u>Exhibit A</u>.

OMM_US:72138080

JPLs are presently the only parties with recognized authority to act on Suntech's behalf in these matters.

## II.  JURISDICTION AND VENUE

16.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and sections 109(c) and 1501 of the Bankruptcy Code.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

17.      Venue with respect to the Verified Petition lies properly in the Southern District of New York pursuant to 28 U.S.C. §§ 1409 and 1410.  Venue is proper under 28 U.S.C. §§ 1409(a) because this proceeding is related to a proceeding that is currently pending in this district:  the Chapter 7 Case is pending against Suntech in this Court.  Additionally, venue is proper under 28 U.S.C. § 1410(1) as Suntech's principal assets in the United States—its New York-based deposit account and the funds therein—are located in the district.  Alternatively, 28 U.S.C. § 1410(2) supports jurisdiction in this district as there are multiple proceedings pending against Suntech in this district.  In addition to the Chapter 7 Case pending in this Court, the certain litigation commenced by four holders of the Notes is on appeal in the Second Circuit Court of Appeals.  Finally, venue is proper under 28 U.S.C. § 1410(3) in the interests of justice and the convenience of the parties.  Having commenced the Chapter 7 Case and the Noteholder Litigation in this district, a significant portion of Suntech's creditors are already represented in this district, and this Court has familiarity with many of the facts surrounding Suntech, creating efficiencies and savings for Suntech and its creditors.

## III.  RELIEF REQUESTED

18.      In furtherance of their duties as the JPLs, the Petitioners seek an order of this Court substantially in the form of the proposed order attached hereto as Exhibit E, granting the following relief necessary to best advance the Cayman Proceeding and Suntech's reorganization:

a.  Recognition of the Cayman Proceeding as a foreign main proceeding as defined in section 1502(4) of the Bankruptcy Code;

b.  Granting relief as of right upon recognition of a foreign main proceeding

7

pursuant to section 1520 of the Bankruptcy Code if the Cayman

Proceeding is recognized as a foreign main proceeding;

c.  Granting further additional relief as authorized by section 1521 of the

Bankruptcy Code, including, without limitation:

i.  staying the commencement or continuation of any action or
proceeding concerning the assets, rights, obligations or liabilities
of Suntech located in the territorial jurisdiction of the United States
to the extent not stayed under section 1520(a) of the Bankruptcy
Code;

ii.  staying execution against the assets of Suntech to the extent not
stayed under section 1520(a);

iii.  authorizing the Petitioners to seek leave to conduct discovery
concerning Suntech's assets, affairs, rights, obligations or
liabilities;

iv.  entrusting the administration and realization of all of Suntech's
assets that are located in the territorial jurisdiction of the United
States, including, without limitation, any and all claims and causes
of action belonging to Suntech;

v.  otherwise giving full force and effect to the Cayman Proceeding
and the orders issued by the Cayman Court in connection
therewith;

vi.  confirming that the pendency of the Cayman Proceeding and the
filing of the Verified Petition do not violate the automatic stay in
the Chapter 7 Case; and

vii.  awarding the Petitioners such other and further relief as this Court
may deem just and proper.

19.    In the event the Court determines that the Cayman Proceeding is not eligible to be

recognized as a foreign main proceeding, the Petitioners seek recognition of the Cayman

Proceeding as a foreign nonmain proceeding, as defined in section 1502(5) of the Bankruptcy

Code, and requests that the Court grant the relief authorized by section 1521 of the Bankruptcy

Code and such other further relief requested in the paragraph above.

8

## **CONCLUSION**

WHEREFORE, the Petitioners respectfully request that this Court enter an order substantially in the form attached hereto as <u>Exhibit E</u>, granting the relief requested herein and such other relief as may be just and proper.

[Remainder of page intentionally left blank]

9

Dated: February 21, 2014          O'MELVENY & MYERS LLP
       New York, New York

*s/ Peter Friedman*
Peter Friedman (Pro Hac Pending)
Diana Perez
Times Square Tower
7 Times Square
New York, New York
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061

Suzzanne Uhland (Pro Hac Pending)
Jennifer Taylor (Pro Hac Pending)
Two Embarcadero Center
28th Floor
San Francisco, CA 94116
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

*Counsel to the Petitioners*

OMM_US:72138080

O'MELVENY & MYERS LLP
Peter Friedman
Diana Perez
Times Square Tower
7 Times Square
New York, NY 10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061

Suzzanne Uhland
Jennifer Taylor
Two Embarcadero Center
28th Floor
San Francisco, CA 94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

*Counsel for the Petitioners*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| **SUNTECH POWER HOLDINGS CO., LTD. (IN PROVISIONAL LIQUIDATION),** | **Case No. 14-_____** |
| **Debtor in a Foreign Proceeding.[1]** | **Hearing Date:** |

David Walker, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

I am a director of PwC Corporate Finance & Recovery (Cayman) Ltd.  Together with Ian Stokoe, I have full authority to act as the foreign representative of the foreign proceeding pending before the Grand Court of the Cayman Islands in respect of the provisional liquidation of Suntech Power Holdings Co., Ltd. (in provisional liquidation), Cause Number FSD 143 OF 2013 (AEFJ).

---

[1]  The last four digits of the registration number for Suntech Power Holdings Co., Ltd. (in provisional liquidation) is 3146.  Its registered office is located at Level 5 Strathvale House, 90 North Church Street, George Town, Grand Cayman, Cayman Islands.

I have the full authority to verify this Petition.

I have read the foregoing petition and I am informed and believe that the factual allegations contained therein are true and accurate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _21st_ day of _February_ , 2014

David Walker, Joint Provisional Liquidator of Suntech Power Holdings Co. Ltd. (in provisional liquidation)

Ian Stokoe, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

I am a director of PwC Corporate Finance & Recovery (Cayman) Ltd.  Together with David Walker, I have full authority to act as the foreign representative of the foreign proceeding pending before the Grand Court of the Cayman Islands in respect of the provisional liquidation of Suntech Power Holdings Co., Ltd. (in provisional liquidation), Cause Number FSD 143 OF 2013 (AEFJ).

I have the full authority to verify this Petition.

I have read the foregoing petition and I am informed and believe that the factual allegations contained therein are true and accurate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _21st_ day of _February_, 2014

Ian Stokoe, Joint Provisional Liquidator of
Suntech Power Holdings Co. Ltd. (in
provisional liquidation)